UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 10-1583 CAS (AJWx) | Date | March 1, 2011 |
|---|---|---|---|
| Title | ROBERT PICKLE; ET AL. v. WASHINGTON MUTUAL BANK/CHASE BANK NA; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers:) DEFENDANT CHASE HOME FINANCE LLC'S MOTION TO DISMISS THE COMPLAINT** (filed 12/06/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

## I.    INTRODUCTION

On October 15, 2010, plaintiffs Robert and Debra Pickle filed the instant action against Chase Home Finance LLC, erroneously sued as Washington Mutual Bank/Chase Bank NA ("Chase"); Delson Mortgage Corporation, a California corporation ("Delson Mortgage"); Delson Financial ("Delson Financial"); Sonoma Conveyancing Corporation ("Sonoma Conveyancing"); and North American Mortgage Corporation ("NAMC") (collectively, "defendants"). Plaintiffs' complaint advances seven claims for relief which are styled as: (1) violation of due process as a cognovit note; (2) to set aside a wrongful foreclosure; (3) TILA violations; (4) injunctive relief; (5) statutory damages; (6) fraud; and (7) quiet title.

The gravamen of plaintiffs' complaint is that defendants committed various wrongful acts in connection with a mortgage loan transaction into which plaintiffs entered in 1993, and subsequent foreclosure of their home. It appears that plaintiffs entered into a mortgage loan transaction on January 26, 1993, whereby plaintiffs obtained a $82,500 loan from NAMC secured by a Deed of Trust recorded against certain real property located at 19341 Diplomat Avenue, Corona, California 91710 ("property"). Complaint ¶¶ 11–12. Plaintiffs allege that the material terms of the loan were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-1583 CAS (AJWx) | Date | March 1, 2011 |
|---|---|---|---|
| Title | ROBERT PICKLE; ET AL. v. WASHINGTON MUTUAL BANK/CHASE BANK NA; ET AL. | | |

misrepresented, and certain terms were never explained. Id. ¶ 14. Plaintiffs allege that they began making payments to the Trustee, but the payments were misapplied. Id. ¶ 15. It appears that plaintiffs defaulted on the loan, and the property was sold at a trustee's sale in June 2010. Id. ¶ 19. Plaintiffs allege that the property was sold despite the fact plaintiffs were making "forbearance" payments pursuant to an agreement with Chase. Id.

On December 6, 2010, Chase filed the instant motion to dismiss plaintiffs' complaint. Plaintiffs' filed an opposition on January 26, 2011. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-1583 CAS (AJWx) | Date | March 1, 2011 |
|---|---|---|---|
| Title | ROBERT PICKLE; ET AL. v. WASHINGTON MUTUAL BANK/CHASE BANK NA; ET AL. | | |

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.  DISCUSSION

### A.  Federal Claims

#### 1.  Claim 1: Violation of Due Process as Cognovit Note

Plaintiffs allege that the Deed of Trust violates due process because "certain terms . . . are akin in performance to a cognovit note . . . ." Complaint ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-1583 CAS (AJWx) | Date | March 1, 2011 |
|---|---|---|---|
| Title | ROBERT PICKLE; ET AL. v. WASHINGTON MUTUAL BANK/CHASE BANK NA; ET AL. | | |

A cognovit is "an ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder." D.H. Overmyer Co. v. Frick Co., 405 U.S. 174, 176 (1972). "It is written authority of a debtor and direction by him for the entry of judgment against him if the obligation set forth in the note is not paid when due . . . . [I]t cuts off every defense which the maker of the note may otherwise have. It likewise cuts off all rights of appeal from any judgment taken on it." Id. at 176 n.2. A cognovit may be unconstitutional under certain circumstances. Id. at 185.

Plaintiffs' due process claim on the basis of the Deed of Trust being a cognovit note fails as a matter of law because plaintiffs fail to allege "state action" sufficient to support their claim. See Evans v. Wells Fargo Bank, NA, No. 10cv1704-WQH-RBB, 2010 WL 4790739, at *3 (S.D. Cal. Nov. 16, 2010) (dismissing cognovit note claim in mortgage foreclosure case on similar grounds); see also Apao v. Bank of New York, 324 F.3d 1091, 1093-95 (9th Cir. 2003) (holding that non-judicial foreclosure proceedings do not involve "state action" sufficient to support a claim for violation of the Fourteenth Amendment of the U.S. Constitution, even though such proceedings are regulated by state law). Accordingly, the Court GRANTS Chase's motion to dismiss plaintiffs' first claim for violation of due process as cognovit note without prejudice.

**2.      Claim 3: TILA Violations**

Plaintiffs allege violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., in connection with the origination of their loan agreement. Plaintiffs allege that defendants violated TILA by failing to provide plaintiffs with accurate material disclosures as required by TILA. Complaint ¶¶ 22–25. Plaintiffs seek rescission and damages. Id. ¶ 30.

An action under TILA for actual or statutory damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Section 1635(f) imposes a three year time limit for rescission where a creditor fails to disclose a right to rescind. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). The limitation period starts to run "at the consummation of the [loan] transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). Plaintiffs executed the loan transaction on January 26,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-1583 CAS (AJWx) | Date | March 1, 2011 |
|---|---|---|---|
| Title | ROBERT PICKLE; ET AL. v. WASHINGTON MUTUAL BANK/CHASE BANK NA; ET AL. | | |

1993, but did not bring their TILA claim until October 15, 2010, over seventeen years later.[1]  Although TILA recognizes the principal of equitable tolling under certain circumstances, such as when the borrower does not have reasonable opportunity to discover the alleged fraud or purported nondisclosures, plaintiffs do not allege any facts that warrant tolling of the statute of limitations.  See id.  Here, it appears that plaintiffs had access to and signed the loan documents, and they offer no reason justifying a delay in investigating their claim.  See Huseman v. Icicle Seafoods, Inc., 471 F.3d 1116, 1120 (9th Cir. 2006) (whether the statute of limitations should be equitably tolled is a factual determination that "focuses on whether there was excusable delay by the plaintiff and may be applied if, *despite all due diligence*, a plaintiff is unable to obtain vital information bearing on the existence of his claim.") (quotations and citations omitted) (emphasis in original); Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (dismissing TILA claim, despite request for equitable tolling, where plaintiff was in possession of all loan documents and did not allege any concealment or other conduct that would have prevented discovery of the alleged TILA violations during the one year limitations period).

Accordingly, the Court GRANTS Chase's motion to dismiss plaintiffs' TILA claim without prejudice.  If plaintiffs choose to amend their complaint, they should allege facts justifying equitable tolling of the statute of limitations.

---

[1] In their opposition, plaintiffs argue that they are asserting a TILA claim based upon the forbearance agreement with Chase, executed on August 4, 2009.  Opp'n at 2.  The forbearance agreement provided plaintiffs with "temporary relief" from their loan payments by offering them a reduced monthly mortgage payment from September 2009 through February 2010.  See Complaint, Exh. B.  The agreement provides that "[a]ll of the original terms of [plaintiffs'] loan remain in full force and effect, unless specifically mentioned within this agreement."  Id.  The Court concludes that the forbearance agreement did not require TILA disclosures.  See Katz v. Cal-Western Reconveyance Corp., No. 5:09-cv-04866-JF, 2010 WL 424453, at *3–4 (N.D. Cal. Jan. 27, 2010) (holding that TILA disclosures not required for subsequent transaction that did not replace existing loan); Norton-Griffiths v. Wells Fargo Home Mortg., No. 5:10-cv-169, 2011 WL 61609, at *5 (D. Vt. Jan. 4, 2011) (dismissing claim that TILA disclosures apply to forbearance agreement).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-1583 CAS (AJWx) | Date | March 1, 2011 |
|---|---|---|---|
| Title | ROBERT PICKLE; ET AL. v. WASHINGTON MUTUAL BANK/CHASE BANK NA; ET AL. | | |

### 3.    Claim 5: Statutory Damages

Plaintiffs' fifth claim for relief is for statutory damages under various federal and state statutes, including, TILA, 12 U.S.C. § 1831(n)(2), and the Real Estate Settlement Procedures Act ("RESPA"). <u>See</u> Complaint ¶¶ 38–40. The Court construes plaintiffs' statutory damages claim liberally as asserting independent claims under the statutes plaintiffs identify.

Plaintiffs' claim for statutory damages under TILA appears to be time-barred for the reasons discussed above.

Plaintiffs' RESPA claim appears to be premised on defendants' alleged failure to respond to a qualified written request in violation of 12 U.S.C. § 2605. <u>See</u> Complaint ¶ 38. A claim based on a violation of section 2605 is subject to a three year statute of limitations commencing from the date of the violation. 12 U.S.C. § 2614. A qualified written request is one that includes identifying information about the borrower and provides "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1). "The request must be related to the servicing of the loan, and the servicer must provide a written response acknowledging receipt of the correspondence within twenty days, unless the requested action is taken within that period. A loan servicer must respond only if the information requested is related to loan servicing." <u>Torres v. Wells Fargo Home Mortg., Inc.</u>, No. C 10-04761 CW, 2011 WL 11506, at *8 (N.D. Cal. Jan. 4, 2011) (internal citation omitted).

Plaintiffs do not allege when the alleged RESPA violation occurred, that they made a qualified request for information related to the servicing of their loan, that defendants did not respond to their request in accordance with section 2605 and how this failure caused them to suffer damages. Accordingly, the Court dismisses plaintiffs' claim for statutory damages under RESPA without prejudice. If plaintiffs choose to amend, they should cure the aforementioned deficiencies.

Plaintiffs further allege a violation of 12 U.S.C. § 1831n(2)(A). Complaint ¶ 38. This provision provides that "the accounting principles applicable to reports or statements

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-1583 CAS (AJWx) | Date | March 1, 2011 |
|---|---|---|---|
| Title | ROBERT PICKLE; ET AL. v. WASHINGTON MUTUAL BANK/CHASE BANK NA; ET AL. | | |

required to be filed with Federal banking agencies by all insured depository institutions shall be uniform and consistent with generally accepted accounting principles."  12 U.S.C. § 1831n(2)(A).  Plaintiffs plead no facts supporting their allegation that defendants violated this provision.  Accordingly, the Court dismisses plaintiffs' claim for statutory damages under section 1831n(2)(A) without prejudice.  If plaintiffs choose to amend, they should allege specific facts supporting their claim that defendants violated section 1831n(2)(A).

Accordingly, the Court GRANTS Chase's motion to dismiss plaintiffs' claim for statutory damages.  If plaintiffs choose to amend, in addition to curing the aforementioned deficiencies, they should allege each purported violation of federal law as an independent claim for relief.

### B.    State Law Claims

The remainder of plaintiffs' claims for relief are based entirely on common law and state law.  In view of the Court's dismissal of plaintiffs' federal claims, the only apparent basis for federal jurisdiction, the Court defers a decision as to the propriety of plaintiffs' remaining common law and state law claims until such time as plaintiffs state a viable federal claim.  28 U.S.C. § 1367; see Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367–68 (9th Cir. 1992) ("When federal claims are dismissed before trial . . . pendent state claims also should be dismissed.") (quoting Jones v. Cmty. Redev. Agency, 733 F.2d 646, 651 (9th Cir. 1984)) (alterations in original); Scholar v. Pac. Bell, 963 F.2d 264, 268 n.4 (9th Cir. 1992) (same); Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985) ("Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed."); see also Sanchez v. Torres, No. C07-04174 HRL, 2008 WL 1701900, at *6 (N.D. Cal. April 10, 2008) (declining to address state law claims where Court dismissed federal law claims providing sole basis for federal jurisdiction without prejudice).

## IV.   CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS Chase's motion to dismiss plaintiffs' federal law claims in their entirety.  Plaintiffs shall file an amended complaint curing the defects noted herein within **thirty (30) days** after the filing of this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-1583 CAS (AJWx) | Date | March 1, 2011 |
|----------|-------------------------|------|---------------|
| Title | ROBERT PICKLE; ET AL. v. WASHINGTON MUTUAL BANK/CHASE BANK NA; ET AL. | | |

order.  Plaintiffs are admonished that, in the event that they do not amend the complaint within **thirty (30) days**, the Court will dismiss this action with prejudice.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |